UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONDA K. KIRK, | No. 2:13-cv-2571-EFB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

On November 13, 2014, plaintiff filed a motion to strike the Commissioner's cross-motion for summary judgment on the ground that it was untimely filed. ECF No. 22. Plaintiff also requests that the court grant her motion for summary judgment as an unopposed motion, and issue an order remanding this case to the Social Security Administration for payment of benefits. *Id*. at 1. For the following reasons, plaintiff's motion is denied.

On December 18, 2013, the court issued a scheduling order, which provided that the Commissioner was to file her cross-motion for summary judgment within 30 days after the date plaintiff files her motion for summary judgment. ECF No. 5 at 2. Plaintiff filed her motion for summary judgment on July 25, 2014. ECF No. 16. On September 5, 2014, the court granted the Commissioner's untimely request for an extension of time, and ordered the Commissioner to file her cross-motion for summary judgment by September 24, 2014. ECF No. 20. The

Commissioner, however, did not file her cross-motion for summary judgment until November 8, 2014. ECF No. 21. Plaintiff subsequently moved to strike the Commissioner's cross-motion for summary judgment as untimely. ECF No. 22. The Commissioner opposes the motion. ECF No. 24.

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds by* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). A matter is impertinent if it consists of statements that do not pertain to and are not necessary to the issues in question. *Id.* Redundant matter is defined as allegations that "constitute a needless repetition of other averments or are foreign to the issue." *Thornton v. Solutionone Cleaning Concepts, Inc.*, 2007 WL 210586 (E.D. Cal. Jan.26, 2007) (citing *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005)). Finally, a matter is scandalous if it improperly casts a derogatory light on a party or other person. *Skadegaard v. Farrell*, 578 F. Supp. 1209, 1221 (D.N.J. 1984); *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 665 (7th Cir. 1992). As with motions to dismiss for failure to state a claim, when ruling upon a motion to strike, the court must view the pleading under attack in the light more favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000); *Multimedia Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1207 (S.D. Cal. 2007). Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. *See* 5A C. Wright & A. Miller, *Federal Practice and Procedure*: Civil 2d 1380; *see also Wynes v. Kaiser Permanente Hosps.*, 2011 WL 1302916, at *12 (E.D. Cal. Mar. 31, 2011) (noting "courts often require a showing of prejudice by the moving party").

There is no dispute that the Commissioner's motion was untimely. However, the Commissioner's cross-motion for summary judgment clearly relates to plaintiff's claim that the Commissioner erred in denying her application for disability benefits. *See generally* ECF Nos. 16, 21. Further, plaintiff does not allege that she suffered any prejudice on account of the

1 Commissioner's untimely filing.  Instead, she seeks a windfall based on the Commissioner's
2 failure to timely file her motion.  While the court does not condone the Commissioner's failure to
3 comply with this court's deadlines, the Commissioner's untimely filing is not grounds for
4 entering judgment in plaintiff favor and remanding the matter for payment of disability benefits.
5 Accordingly, plaintiff's motion to strike is denied, and the court will consider the Commissioner's
6 motion in resolving the parties' dispute.[1]

      Accordingly, it is hereby ORDERED that:

      1. Plaintiff's motion to strike, ECF No. 22, is denied;

      2. The Commissioner's motion for an extension of time, ECF No. 25, is denied as moot; and

      3. Plaintiff may file a reply to the Commissioner's cross-motion for summary judgment within 21 days of the date of this order.

DATED: December 18, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The Commissioner also filed a motion for an extension of time, *nunc pro tunc*, requesting that she be given through November 8, 2014, to file her cross-motion for summary judgment.  ECF No. 25.  In light of the court's holding that the Commissioner's motion will be considered, the motion for an extension of time is denied as moot.