UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONDA K. KIRK, | No. 2:13-cv-2571-EFB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff moves for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). ECF No. 30. She seeks fees based on 95.7 hours of work performed by attorney Barbara Rizzo at a rate of $190.06 per hour. She seeks costs in the amount of $114.10. *Id*. at 2. Plaintiff also seeks an additional 10 hours at $190.06 for reviewing and preparing a reply to defendant's opposition to her fee motion, for a total amount of $20,089.34. ECF No. 33 at 14. Defendant argues that plaintiff is not entitled to reasonable attorney fees under the EAJA because the Commissioner's position was substantially justified. ECF No. 32. Alternatively, she argues that the number of hours sought is unreasonable and should be reduced accordingly. *Id*.

/////

/////

/////

1

I. <u>Substantial Justification</u>

The EAJA provides that a prevailing party other than the United States should be awarded fees and other expenses incurred by that party in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1). "[T]he 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (citing 28 U.S.C. § 2412(d)(2)(D) and *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990) (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions")). Therefore, the court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988). The burden of establishing substantial justification is on the government. *Gutierrez*, 274 F.3d at 1258 (9th Cir. 2001).

A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 161. The mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali*, 854 at 335; *see also Lewis v. Barnhart*, 281 F.3d 1081, 1084-86 (9th Cir. 2002) (finding the defense of an ALJ's erroneous characterization of claimant's testimony was substantially justified because the decision was supported by a reasonable basis in law, in that the ALJ must assess the claimant's testimony and may use that testimony to define past relevant work as actually performed, as well as a reasonable basis in fact, since the record contained testimony from the claimant and a treating physician that cast doubt on the claimant's subjective testimony); *Le v. Astrue*, 529 F.3d 1200, 1201-02 (9th Cir.

1  2008) (finding that the government's position that a doctor the plaintiff had visited five times over
2  three years was not a treating doctor, while incorrect, was substantially justified since a
3  nonfrivolous argument could be made that the five visits over three years were not enough under
4  the regulatory standard especially given the severity and complexity of plaintiff's alleged mental
5  problems).

6  However, when the government violates its own regulations, fails to acknowledge settled
7  circuit case law, or fails to adequately develop the record, its position is not substantially justified.
8  *See Gutierrez*, 274 F.3d at 1259-60; *Sampson v. Chater*, 103 F.3d 918, 921-22 (9th Cir. 1996)
9  (finding that the ALJ's failure to make necessary inquiries of the unrepresented claimant and his
10 mother in determining the onset date of disability, as well as his disregard of substantial evidence
11 establishing the same, and the Commissioner's defense of the ALJ's actions, were not
12 substantially justified); *Flores v. Shalala*, 49 F.3d 562, 570, 572 (9th Cir. 1995) (finding no
13 substantial justification where ALJ ignored medical reports, both in posing questions to the VE
14 and in his final decision, which contradicted the job requirements that the ALJ deemed claimant
15 capable of performing); *Corbin v. Apfel*, 149 F.3d 1067, 1053 (9th Cir. 1998) (finding that the
16 ALJ's failure to determine whether the claimant's testimony regarding the impact of excess pain
17 she suffered as a result of her medical problems was credible, and whether one of her doctors'
18 lifting restrictions was temporary or permanent, and the Commissioner's decision to defend that
19 conduct, were not substantially justified); *Crowe v. Astrue*, 2009 WL 3157438, *1 (E.D. Cal.
20 Sept. 28, 2009) (finding no substantial justification in law or fact based on ALJ's improper
21 rejection of treating physician opinions without providing the basis in the record for so doing);
22 *Aguiniga v. Astrue*, 2009 WL 3824077, *3 (E.D. Cal. Nov.13, 2009) (finding no substantial
23 justification in ALJ's repeated mischaracterization of the medical evidence, improper reliance on
24 the opinion of a non-examining State Agency physician that contradicted the clear weight of the
25 medical record, and improperly discrediting claimant's subjective complaints as inconsistent with
26 the medical record).

27 Here, the court granted plaintiff's motion for summary judgment and remanded the matter
28 to the Commissioner for further proceedings, finding that the ALJ failed to consider all of

plaintiff's impairments and failed to provide legally sufficient reasons for discounting plaintiff's subjective complaints. As this court observed, the ALJ failed to adequately consider plaintiff's back pain, bowel incontinence, migraines, and fibromyalgia in assessing her residual functional capacity. ECF No. 28 at 5-9. "In determining a claimant's residual functional capacity, the ALJ must consider all of a claimant's determinable impairments, including those that are not server." *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014). Given the failure to consider all of plaintiff's impairments, which the ALJ was required to do, the Commissioner's position is not substantially justified.

The Commissioner's defense of the ALJ's decision also lacks substantial justification. The ALJ's failure to provide legally adequate reasons for rejecting statements from plaintiff and third parties was contrary to controlling law in this circuit. While an absence of objective test findings to account for allegations of pain is a legitimate factor to consider, the Ninth Circuit has made clear that an ALJ may not reject a claimant's pain testimony based solely on a finding that his or allegations are not supported by objective medical evidence. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (An ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."). Despite this settled law, the ALJ provided no other reason for discounting plaintiff's allegations of limitations and pain. AR 38-40. The Commissioner was not substantially justified in defending the ALJ's disregard of Ninth Circuit authority.

The Commissioner suggests, however, that her position was substantially justified because the court rejected plaintiff's argument, in favor of the Commissioner's position, that the ALJ properly weighed the medical opinion evidence of record. This contention unduly focuses on defendant's success on a single argument. As a whole, the government's position in this court was that the ALJ's decision that plaintiff was not disabled was supported by substantial evidence and the properly legal standards were applied. As just explained, the ALJ did not apply the

/////

1 proper legal standard and the Commissioner was not substantially justified in defending the ALJ's
2 errors.   Accordingly, the government's position was not substantially justified.

3 II.     Reasonableness of Fee Request

4     The Commissioner also argues that the number of hours counsel expended in litigating
5 this case was not reasonable.  ECF No. 32 at 5-10.  The EAJA directs the court to award a
6 reasonable fee.  28 U.S.C. § 2412(d)(2)(A).  In determining whether a fee is reasonable, the court
7 considers the hours expended, the reasonable hourly rate and the results obtained.  *See Comm'r,*
8 *INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154
9 F.3d 986 (9th Cir. 1998).  "[E]xcessive, redundant, or otherwise unnecessary" hours should be
10 excluded from a fee award, and charges that are not properly billable to a client are not properly
11 billable to the government.  *Hensley*, 461 U.S. at 434.  An award of fees should be properly
12 apportioned to pursuing the stages of the case in which the government lacked substantial
13 justification."  *Corbin*, 149 F.3d 1053; *Flores*, 49 F.3d at 566-71.

14     Here, defendant does not object to plaintiff's hourly rate but contends that the number of
15 hours expended by counsel was unreasonable.[1]  Defendant argues the number of hours spent
16 preparing the motion for summary judgment and the reply brief was excessive in light of the
17 routine nature of this case and the experience of counsel.  Defendant further argues that plaintiff
18 impermissibly seeks fees for tasks performed prior to commencement of this action and clerical
19 or administrative tasks.

20     Having reviewed the record, the court cannot find that the number of hours expended by
21 counsel in briefing the merits of this case was unreasonable.  Plaintiff seeks fees for 39.1 hours
22 for preparing her motion for summary judgment, and another 37.3 hours researching and drafting
23 a reply brief.  *See* Declaration of Barbara M. Rizzo, Ex. B.  Plaintiff's motion for summary
24 judgment exceeded 40 pages, which included an extensive summary of the relevant facts which
25 necessarily followed a review of the administrative record and medical evidence that was before
26 the court for review.  ECF No. 16.  Her reply brief totaled 30 pages (excluding the table of

---

[1] Defendant also does not object to plaintiff's request for $114.10 for costs.

5

1  authorities) and thoroughly addressed all the arguments raised by defendant in her cross-motion
2  for summary judgment. ECF No. 27. While counsel expended a large number of hours in
3  briefing the merits—more than typically expended in social security cases—the court notes
4  counsel did not represent plaintiff at the administrative level and had to become familiar with the
5  case, which included a 1071-page administrative transcript containing more than 700 pages of
6  medical records. Given the size of the medical record and number of medical impairments
7  presented in this case, the court cannot agree with defendant's characterization of this case as
8  "routine" or "straightforward." *Cf. Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134
9  n.1 (9th Cir. 2012) ("[T]he term 'routine' is a bit of a misnomer as social security disability cases
10 are often highly fact-intensive and require careful review of the administrative record, including
11 complex medical evidence.").

12     Furthermore, the "expertise of plaintiff's counsel does not make the hours expended
13 unreasonable."[2] *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1213 (C.D. Cal. 2000). "Social security
14 cases are fact-intensive and require a careful application of the law to the testimony and
15 documentary evidence, which must be reviewed and discussed in considerable detail." *Id.* Here,
16 the brief submitted by plaintiff's counsel was thorough and evidenced such attention to detail.

17     Defendant next argues that plaintiff's request should be reduced by 2.3 hours for work
18 performed prior to commencing the civil action. ECF No. 32 at 8-9. Defendant cites to 28
19 U.S.C. § 2412(d) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991), to support the proposition that
20 work performed prior to the filing of the complaint is not compensable under the EAJA. Neither
21 the statute nor *Melkonyan* support defendant's contention.

22     Section 2412(d) provides that the "court shall award to a prevailing party . . . fees and
23 other expenses . . . incurred by that party in any civil action . . . ." 28 U.S.C. § 2412(d)(1)(A).
24 The statute does not, however, limit fees to work performed after the civil action is initiated.
25 *Kuharski v. Colvin*, 2015 WL 1530507, at *4 (E.D. Cal. Apr. 3, 2015). Indeed, courts have found

26
27     [2] Prior to opening her own practice, plaintiff's counsel worked as an Assistant Regional
       Counsel for the Social Security Administration, Office of the General Counsel, from 1995 to
28     1999. Declaration of Barbara M. Rizzo (ECF No. 30-1) ¶ 2.

that such work is necessary and compensable. *See, e.g., Tate v. Colvin*, 2013 WL 5773047, at *4 (E.D. Cal. 2013) ("As a practical matter, some work must be performed to initiate the civil suit—a part of which includes reviewing the facts and the law to ensure the lawsuit is not frivolous as well as drafting and filing the necessary documents to commence the action. Such work is wholly separate from the underlying administrative proceedings and is clearly related to the civil action . . . .").

Furthermore, contrary to defendant's contention, *Melkonyan* does not stand for the proposition that "compensation is not permitted for work performed before a suit has been brought in a court." ECF No. 32 at 8 (quotations omitted). In *Melkonyan*, the Supreme Court summarized and explained its prior holding in *Sullivan v. Hudson*, 490 U.S. 877 (1989). It explained that in *Sullivan*, the court found that section 2412(d) permitted an award of fees for work performed at the administrative level "in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings." *Melkonyan*, 501 U.S. at 97. It further noted that in *Sullivan* "[w]e did not say that proceedings on remand to an agency are 'part and parcel' of a civil action in federal district court for all purposes." *Id*. Thus, the section of *Melkonyan* cited by defendant merely observes that administrative proceedings are generally not part of a civil action. The court did not, however, address the issue as to whether work performed in preparation of filing a civil complaint is compensable under the EAJA. Accordingly, *Melkonyan* does not preclude plaintiff from recovering fees for work performed prior to the filing of the complaint.

Defendant also contends that plaintiff impermissibly seeks 2.5 hours for clerical tasks, including preparation of service of process and consent forms, recording receipt of documents, and typing letters. ECF No. 32 at 10. The Ninth Circuit has explained that "[i]t simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost." *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1993). "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other

7

1    help available." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). "[C]osts associated with
2    clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing
3    rate, and are not properly reimbursable." *Bakeell v. Astrue*, 2013 WL 638892, at * 3 (D. Or. Jan.
4    9, 2013) (citing *Jenkins*, 491 U.S. at 288 n.10); *see also Nadarajoh v. Holder*, 569 F.3d 906, 921
5    (9th Cir. 2009) (reducing hours billed at paralegal rate for the performance of clerical work).

6        The court has reviewed counsel's billing records and finds that counsel seeks
7    compensation for 2.5 hours spent preparing documents for representation (.5), drafting and filing
8    the complaint and other initiating documents (.8), completing and filing a consent to proceed
9    before a magistrate judge form (.1), and drafting letters and preparing documents related to
10   representation and service of process (1.1), all of which could have been completed by
11   experienced support staff. *See* Rizzo Decl., Ex. B. Such documents, including the complaint, are
12   boilerplate forms that could easily be completed by clerical staff by inserting minimal
13   information.[3] *See Reyna v. Astrue*, 2011 WL 6100609, at * 2 (E.D. Cal. Dec. 6 2011) (time billed
14   "to prepare, review, and electronically file the complaint, IFP, and related documents was work
15   reasonably to be performed by an experienced legal secretary."). However, the court
16   acknowledges that counsel would necessarily spend time reviewing such documents before their
17   submission. Accordingly, the court will reduce the request by only 1.5 hours.

18       Lastly, defendant argues that under *Astrue v. Ratliff*, 560 U.S. 586 (2010), any award must
19   be payable directly to plaintiff, and not counsel. ECF No. 32 at 10-12. *Ratliff* requires fees
20   awarded under the EAJA to be paid directly to the litigant. However, courts in this district
21   regularly order payment directly to counsel so long as plaintiff does not have a debt that is subject
22   to offset and the plaintiff assigned her right to EAJA fees to counsel. *See, e.g., Allen v. Colvin*,
23   2014 WL 6901870 at *3 (E.D. Cal. 2014); *Knyazhina v. Colvin*, 2014 WL 5324302 at *3 (E.D.
24   Cal. 2014); *Louis v. Astrue*, 2012 WL 92884 at *7 (E.D. Cal. 2012); *Burnham v. Astrue*, 2011
25   WL 6000265 at *2 (E.D. Cal. 2011); and *Calderon v. Astrue*, 2010 WL 4295583 at *8 (E.D. Cal.

---

[3] Unlike civil complaints in other types of actions, which may require extensive factual allegations to support each claim for relief, complaints in social security disability cases consist largely of boilerplate.

2010). Here, plaintiff assigned her right to EAJA fees to her attorney. Rizzo Decl., Ex. A. According, should plaintiff not have a debt that is subject to offset, the award of fees may be paid directly to counsel.

III.    Conclusion

Based on the foregoing, the court finds that the plaintiff's counsel reasonably spent 94.2 hours litigating the merits of this case and preparing her motion for attorney's fees. Furthermore, counsel reasonably spent 10 hours reviewing defendant's opposition to the fee motion and preparing a reply brief. *See Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (under the EAJA, reasonable time spent litigating fees is compensable). Accordingly, the court finds that counsel reasonably expended 104.2 hours, at a rate of $190.06 per hour, litigating this case, and incurred $114.10 in costs.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for attorney's fees (ECF No. 30) is granted in part;

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $19,804.25, plus $114.10 for costs, for a total award of $19,918.35;

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that plaintiff does not owe a federal debt, the government shall accept plaintiff's assignment of EAJA fees and pay fees directly to plaintiff's counsel.

DATED: March 22, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE